UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-131-RLV
(5:09-cr-49-RLV-DCK-7)

| T'ANTAE DEON LITTLE, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

I.     BACKGROUND

On December 15, 2009, the Grand Jury for the Western District of North Carolina charged Petitioner T'Antae Deon Little with conspiracy to possess with intent to distribute at least fifty grams of crack cocaine and at least five kilograms of powder cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and possession with intent to distribute at least five grams of crack cocaine in violation of 21 U.S.C. § 841(a) and (b)(1)(B). (Criminal Case No. 5:09-cr-49, Doc. 72: Superseding Indictment).

Following Petitioner's indictment, the Government filed an information, in accordance with 21 U.S.C. § 851, notifying Petitioner and this Court that the Government intended to seek enhanced penalties under the Controlled Substances Act based on three of Petitioner's prior

1

convictions for drug-trafficking offenses. (Id., Doc. 28: Information). On February 16, 2010, Petitioner pled guilty, pursuant to a written plea agreement, to the drug conspiracy count. (Id., Doc. No. 103: Plea Agreement; Doc. No. 113: Acceptance and Entry of Guilty Plea). In exchange, the Government agreed to dismiss the remaining counts. (Id., Doc. No. 103). The Government also agreed to withdraw its Section 851 notice as to all but one of Petitioner's prior convictions, as long as Petitioner fully complied with the terms of the plea agreement. (Id. at 2). Consistent with the agreement, the Government filed an amended information before sentencing, withdrawing its notice of two of the three prior convictions listed in the initial Section 851 notice. (Id., Doc. No. 279: Information).

In preparation for sentencing, the probation officer prepared a presentence investigation report, calculating a guidelines range of 168 to 210 months in prison, based on a total offense level of 33 and a criminal history category of III. (Id., Doc. No. 243 at ¶ 75: PSR). The probation officer noted, however, that Petitioner faced a statutory mandatory-minimum sentence of 240 months in prison in light of the Government's amended Section 851 notice. (Id. at ¶ 74). Consistent with the presentence report, this Court sentenced Petitioner to 240 months in prison. (Id., Doc. 290: Judgment).

Following Petitioner's appeal, the United States Court of Appeals for the Fourth Circuit affirmed in an unpublished, per curiam opinion. United States v. Little, 457 Fed. App'x (4th 2011). Petitioner sought a writ of certiorari from the U.S. Supreme Court, which the Court denied on April 16, 2012. Little v. United States, 132 S. Ct. 1944 (2012). Petitioner timely filed the instant motion by placing a copy in the prison mail system on August 15, 2012.

In the motion to vacate, Petitioner asserts that his sentence was improperly enhanced based on a prior conviction that no longer qualifies as a prior felony offense in light of the Fourth

2

Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner also contends that his appellate counsel was ineffective for failing to raise a Simmons claim on direct appeal.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If a petitioner's motion is not dismissed after this initial review, the Court must direct the Government to respond. Id. The Court must then review the Government's answer and motion for summary judgment and any materials submitted by the parties to determine whether an evidentiary hearing is warranted under Rule 8(a). The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Section 851 of Title 21 provides for enhanced sentences based on any prior "felony drug offense." 21 U.S.C. § 851. That term is defined in Section 802(44) as "an offense that is punishable by imprisonment for more than one year under [any state or federal law relating to narcotics or marijuana]." In Simmons, the Fourth Circuit held than an offense qualifies as a "felony drug offense" for purposes of Section 841(b)(1) and is punishable by more than one year in prison only if the defendant could have received a sentence of more than one year in prison, overturning its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit held that an offense is punishable by more than one year in prison as long as any defendant could receive a

3

term of imprisonment of more than one year upon conviction for that offense. Thus, under Simmons, for purposes of a qualifying predicate conviction under Section 841(b)(1), a prior conviction is not "punishable for a term exceeding one year" unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act. Moreover, the Fourth Circuit Court of Appeals recently held that Simmons is retroactive to cases on collateral review. See Miller v. United States, No. 13-6254, 2013 WL 4441547 (4th Cir. 2013).

Respondent states that, at the time of his offense, Petitioner's most serious prior convictions were for felonies for which Petitioner could not have received a sentence of more than one year in prison.[1] Respondent states that it concedes that, although Jones and Harp were still good law when this Court sentenced Petitioner, Petitioner no longer has a qualifying predicate felony under Simmons. Respondent further notes that, with respect to Petitioner's claim for relief in this proceeding, in Hicks v. Oklahoma, 447 U.S. 343 (1980), the Supreme

---

[1] As Respondent notes, as to one of the prior state court felonies, although the Section 851 notice and the PSR state that Petitioner was convicted of conspiracy to traffic in marijuana in North Carolina Superior Court for Wilkes County in 2005, a review of the state-court judgment, information, and plea transcript confirms that he apparently pled guilty to possession with intent to sell or deliver marijuana. In any event, he did not face more than a year in prison for that offense. See (Doc. No. 8-1: Judgment, State of North Carolina; see also Criminal Case No. 5:09-cr-49, Doc. No. 28: Information; Doc. No. 243 at 44: PSR).

.

4

Court held that the Due Process Clause is violated when the sentencing court is erroneously deprived of any discretion to sentence a defendant below an erroneously applied statutory mandatory minimum sentence. Id. at 346. Respondent asserts that, here, Petitioner's otherwise applicable Guidelines range was well below the 240-month sentence Petitioner received for his conviction under the Controlled Substances Act. Respondent further states that because the application of that mandatory minimum deprived the Court of discretion to sentence Petitioner to a term of less than 240 months, the 240-month minimum was a violation of the Due Process Clause as established in Hicks. Respondent states that Petitioner is, therefore, entitled to be resentenced without consideration of the 240-month mandatory-minimum sentence applied by this Court in sentencing Petitioner before Simmons was decided.[2]

This Court will grant the motion to vacate, and Petitioner shall be re-sentenced without application of the 240-month mandatory minimum.

## IV. CONCLUSION

For the reasons stated herein, the Court grants Petitioner's motion to vacate.

**IT IS, HEREBY, ORDERED** that:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **GRANTED**;

(2) Petitioner shall be re-sentenced in accordance with this Order.

---

[2] The Government states that because it is conceding that Petitioner is entitled to Simmons relief as a matter of due process, the Government is not addressing Petitioner's separate ineffective assistance of counsel claim based on appellate counsel's failure to raise a Simmons claim on Petitioner's appeal. This Court observes that, although the Government does not state as such in its Response, it appears that the Government is waiving its right to enforce Petitioner's waiver, in the written plea agreement, of his right to challenge his conviction and sentence based on any grounds other than ineffective assistance of counsel or prosecutorial misconduct. See (Criminal Case No. 3:04-cr-61, Doc. No. 103 at ¶ 21).

Signed: November 12, 2013

Richard L. Voorhees
United States District Judge